UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David M. Kedrowski, | Case No. 18-cv-2573 (WMW/SER) |
| Plaintiff, | |
| v. | **AMENDED ORDER ADOPTING IN PART REPORT AND RECOMMENDATION** |
| Mary E. Madden et al., | |
| Defendants. | |

This matter is before the Court on United State Magistrate Judge Steven E. Rau's April 9, 2019 Report and Recommendation (R&R). (Dkt. 126.) The R&R recommends granting Defendants' motions to dismiss and denying Plaintiff's motion for discovery and an evidentiary hearing. Plaintiff filed timely objections to the R&R. For the reasons addressed below, the R&R is adopted in part and the case is dismissed without prejudice.

## BACKGROUND

Plaintiff David M. Kedrowski brings claims against fourteen Defendants. Defendants are Minnesota state officials for the Fourth Judicial District, the Minnesota Coalition for Battered Women and its executive director, the Battered Women's Justice Project and its senior legal policy advisor, the Fund for the City of New York and one of its employees, and Hennepin County and the Chief Deputy Hennepin County Attorney.

Kedrowski alleges that the Fourth Judicial District's impartiality was tainted when the district accepted a grant from the Office on Violence Against Women (OVW). Kedrowski contends that the Fourth Judicial District adopted policies and practices that

were pro-female and that unfairly favored alleged domestic abuse victims. For example, Kedrowski asserts that the district's policies made it easier for litigants claiming to be domestic abuse victims to procure orders for protection (OFPs) and created unfair obstacles for the accused domestic abuser during litigation.

Kedrowski alleges that his experiences with the Fourth Judicial District—namely, his OFP proceeding and his divorce proceeding—were negatively affected by the Fourth Judicial District's bias. In August 2015, Kedrowski's then-wife filed an ex parte request for an OFP against Kedrowski. The judge presiding over the matter issued the OFP, requiring Kedrowski to move out of his house and altering his custodial rights to his child. Three weeks later, a different judge dismissed the OFP, finding that the allegations in the OFP petition "did not meet the definition of Domestic Abuse."

Kedrowski also was involved in a divorce proceeding that he had initiated in Hennepin County Family Court in October 2015. According to Kedrowski, the referee assigned to his divorce proceeding, Defendant Mary E. Madden, was biased against him because of allegations of domestic abuse. As a result of this bias, Kedrowski contends, Referee Madden ordered Kedrowski to seek permission before filing any motions during the divorce proceeding. Kedrowski alleges that Referee Madden prevented him from filing numerous motions, including motions addressing the custody of Kedrowski's child. Kedrowski appealed the divorce proceeding in the Minnesota Court of Appeals challenging the alleged judicial bias in Hennepin County Family Court.

Before this Court, Kedrowski alleges eight Section 1983 claims and one Section 1985 conspiracy claim. The Section 1983 claims allege violation of the right to an

independent tribunal, violation of the right to a fair and impartial tribunal, violation of equal rights, violation of procedural due process, failure to train, failure to supervise, and violation of substantive due process.  Defendants move to dismiss Kedrowski's amended complaint.

On April 9, 2019, the magistrate judge issued an R&R that recommends granting Defendants' motions to dismiss on several alternative grounds.  Kedrowski objects to each ground for dismissal.

## ANALYSIS

The district court reviews de novo those portions of the R&R to which an objection is made and, upon doing so, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).  The Court construes Kedrowski's objections liberally because he is proceeding pro se.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The R&R recommends that the Court decline to exercise jurisdiction based on the *Younger* abstention doctrine.  Kedrowski argues that the *Younger* doctrine does not apply because his complaint does not seek this Court's intervention in the divorce proceeding.[1]  Moreover, Kedrowski argues, this case presents an "extraordinary circumstance" that warrants an exception to the *Younger* doctrine.

---

[1] When Kedrowski filed his complaint with this Court, the divorce proceeding was ongoing.  The Minnesota Court of Appeals subsequently ruled in favor of Kedrowski's former wife on July 1, 2019.

3

In *Younger v. Harris*, the Supreme Court of the United States emphasized the vital role of federalism in the country's judicial system and the importance of preventing the federal courts from unduly interfering with legitimate state activities. *See* 401 U.S. 37, 44 (1971). The *Younger* doctrine directs federal courts to abstain from exercising subject-matter jurisdiction over a federal claim when "(1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). "For purposes of applying *Younger* abstention, the relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed." *Id.* at 1250. The *Younger* doctrine extends to Section 1983 cases. *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 881 (8th Cir. 2002).

Kedrowski filed his complaint in this Court on September 4, 2018, when his divorce proceeding was on appeal with the Minnesota Court of Appeals.[2] As such, the first element of the *Younger* doctrine—an ongoing state proceeding—is satisfied.[3]

Kedrowski's state-court proceedings implicate domestic relations and family matters. Kedrowski does not contest that family and domestic relations are an important

---

[2] That Kedrowski's OFP proceeding was final at the time he initiated this case does not change the Court's conclusion. The amended complaint alleges that the Fourth Judicial District is biased. The amended complaint does not distinguish between the OFP proceeding and the divorce proceeding, and the Court declines to parse out distinctions where there are none.

[3] Although the Court is aware that Kedrowski's divorce proceeding is no longer ongoing, *Younger* abstention is appropriate when the state-court action was ongoing at the time the federal complaint was filed. *Tony Alamo Christian Ministries*, 664 F.3d at 1250.

state interest.[4] Instead, Kedrowski argues that his federal claim does not seek to directly interfere with the state-court proceedings. But this argument falls short. A favorable ruling on Kedrowski's federal claims—one that holds any aspect of the divorce proceedings as unconstitutional—would implicate how state courts handle divorce proceedings. *Cf. Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 611 (8th Cir. 2018) ("The plaintiffs seek an order that would dictate a host of procedural requirements for the ongoing state proceedings," which "would interfere with that proceeding by inhibiting the legitimate functioning of the individual state's judicial system" (internal quotation marks omitted)). Accordingly, the second element also is satisfied.

Finally, there is a state forum that provides an adequate opportunity for Kedrowski to raise his federal questions. Indeed, Kedrowski's appeal at the Minnesota Court of Appeals raised the same issues as those contained in his amended complaint, including the issue of "[j]udicial bias, especially given this case involved allegations of domestic abuse and that the district court referee concurrently ran the Fourth Judicial District's domestic abuse victim-advocacy program." Kedrowski provides no authority to support his contention that he was *unable* to raise such claims in the divorce proceeding.[5] *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987) (explaining the assumption that federal claims

---

[4] Indeed, the Supreme Court has held that "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979).

[5] To the contrary, the Minnesota Court of Appeals on numerous occasions has addressed procedural-due-process and judicial-bias claims in domestic relations cases. *See, e.g.*, *Haefele v. Haefele*, 621 N.W.2d 758, 766 (Minn. Ct. App. 2001).

5

*can* be raised in a state proceeding unless the plaintiff presents "unambiguous authority to the contrary"). For these reasons, the third element of *Younger* is satisfied.

Next, Kedrowski argues that even if the three elements of the *Younger* doctrine are met, his case falls into the extraordinary circumstances exception. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). One such extraordinary circumstance is "[a]djudication by an incompetent state tribunal." *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 798 (8th Cir. 1994). A court will presume that an adjudicator is unbiased, and that presumption is overcome only if the litigant can show a "conflict of interest or some other specific reason for disqualification." *Id.* (internal quotation marks omitted). To establish that the state tribunal is biased, the litigant must establish that *all* possible judges are biased. *See Kugler v. Helfant*, 421 U.S. 117, 127 (1975) (reasoning that, even if a trial judge were biased, the state rules allowing for the disqualification of a judge would ensure a fair trial).

The circumstances here do not support an exception to *Younger*. First, the OFP against Kedrowski was eventually overturned, indicating that at least one judge ruled in Kedrowski's favor during the state-court proceedings. This fact undermines Kedrowski's contention that the entire Fourth Judicial District is biased. Second, Kedrowski fails to allege how any individual judge has a vested interest in the outcome of his litigation. Although Referee Madden led the management team for the OVW grant, Kedrowski provides no factual allegations as to how Referee Madden stood to gain or lose based on the outcome of the divorce proceeding.[6]

---

[6] Kedrowski also alleges that he attempted to disqualify Referee Madden from presiding over his divorce proceeding, but Referee Madden refused Kedrowski permission

For these reasons, the Court adopts the R&R to the extent that the R&R recommends dismissing the amended complaint pursuant to the *Younger* doctrine.

I.  **Kedrowski's Motion for Discovery and an Evidentiary Hearing**

The R&R also recommends denying Kedrowski's request for limited discovery and an evidentiary hearing to address the personal jurisdiction issue raised by the New York Defendants. Because the Court need not reach the question of personal jurisdiction, Kedrowski's motion for discovery and a hearing must be denied. Accordingly, the R&R's recommendation to deny Kedrowski's request for discovery and an evidentiary hearing is adopted.

II. **R&R's Other Grounds for Dismissal**

In light of the above analysis, the Court expressly declines to adopt any other portion of the R&R addressed by the magistrate judge. To do so would be advisory.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The April 9, 2019 R&R, (Dkt. 126), is **ADOPTED IN PART** to the extent that it recommends dismissing the amended complaint pursuant to the *Younger* doctrine and denying Kedrowski's motion for discovery and an evidentiary hearing.

---

to file such a motion. Yet, when considering the totality of the circumstances, Kedrowski's allegations do not demonstrate a systematic bias sufficient to overcome the presumption of an unbiased tribunal.

2. Defendants Minnesota Coalition for Battered Women and Elizabeth Richards's motion to dismiss, (Dkt. 59), is **GRANTED**.

3. Defendants Ivy S. Bernhardson, Robert A. Blaeser, Catherine S. Brey, Mary E. Madden, Christy Snow-Kaster, and Patrick D. Robben's motion to dismiss, (Dkt. 66), is **GRANTED**.[7]

4. Defendants Hennepin County and Lolita Ulloa's motion to dismiss, (Dkt. 72), is **GRANTED**.

5. Defendants Fund for the City of New York and Liberty Aldrich's motion to dismiss, (Dkt. 78), is **GRANTED**.

6. Defendant Battered Women's Justice Project's motion to dismiss, (Dkt. 85), is **GRANTED**.

7. Kedrowski's amended complaint, (Dkt. 54), is **DISMISSED** without prejudice.

8. Kedrowski's motion for discovery and an evidentiary hearing, (Dkt. 95), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 26, 2019
                                                      s/Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                      United States District Judge

---

[7] The Judicial Defendants' motion to dismiss, (Dkt. 66), mistakenly lists Edward T. Wahl as a Defendant and mistakenly omits Patrick D. Robben as a Defendant. The Court addressed this error in its August 26, 2019 Order to Vacate. (Dkt. 142.)